UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DEYMON EDWARDS,

    Plaintiff,

    v.

LT. S. BROWN; CAPT. C. BORDEN; SGT. JOHN DOE; JOHN DOES, *C/Os*,

    Defendants.

Case No. 6:25-cv-00075-MTK

**OPINION AND ORDER**

KASUBHAI, District Judge.

Plaintiff, an adult in custody (AIC) with the Oregon Department of Corrections (ODOC), filed suit under 42 U.S.C. § 1983 and alleged that Defendants were deliberately indifferent to his health and safety when they failed to allow adequate decontamination measures after Plaintiff was exposed to pepper spray. Defendants move to dismiss Plaintiff's action on grounds that his claims are untimely and barred by the applicable statute of limitation. For the reasons explained below, Plaintiff's claims are time-barred and Defendants' motion is granted.

- 1 -    **OPINION AND ORDER**

## **DISCUSSION**

Plaintiff alleges that on October 1, 2022, correctional officers at Oregon State Penitentiary deployed pepper spray while responding to an altercation in a nearby cell. Plaintiff contends that the pepper spray penetrated his skin and lungs and that Defendants denied his request for a decontamination shower for approximately 40 hours. Based on this incident, Plaintiff alleges claims under the First, Eighth, and Fourteenth Amendments. Defendants now move for dismissal, arguing that Plaintiff did not file suit within the statute of limitations and his claims should be dismissed as untimely.

A two-year statute of limitations applies to § 1983 claims brought in this district, meaning that Plaintiff was required to file suit within two years from the incident giving rise to his claims. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). Defendants argue that Plaintiff's claims are untimely, because he was exposed to pepper spray on October 1, 2022 and did not file suit until January 15, 2025, more than two years later. Plaintiff responds that the statute of limitations was tolled until he exhausted the ODOC administrative grievance process on January 13, 2023, and that his Complaint was timely filed when he submitted it for mailing on January 10, 2025. Pl.'s Response to Mot. to Dismiss at 2 (ECF No. 13).

Defendants are incorrect that this action was not filed until January 15, 2025, when Plaintiff's Complaint was received and docketed by the Court. Under the well-established "prison mailbox rule," federal courts deem the filing date of a document as the date it was given to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 270-76 (1988). Accordingly, Plaintiff's Complaint is deemed filed as of January 10, 2025, when he signed the Complaint and submitted it for mailing. *Id.* Further, in § 1983 cases brought by AICs, the statute of limitations is tolled during the time an AIC exhausts the administrative grievance process as required by the

- 2 -    OPINION AND ORDER

Prison Litigation Reform Act. 42 U.S.C. § 1997e(a); *see also Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) ("This circuit has, with other circuits, adopted a mandatory tolling provision for claims subject to the Prison Litigation Reform Act."); *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (holding that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process"). However, Plaintiff's argument fails to to consider the 17 days that elapsed before he initiated the grievance process.

Plaintiff was exposed to pepper spray on October 1, 2022, and the statute of limitations began to run on that date. *See Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012) (explaining that a federal claim accrues and the statute of limitations begins to run when the plaintiff "knows or has reason to know of the injury that is the basis of the action"). The statute of limitations ran for 17 days until October 18, 2022, when Plaintiff submitted a grievance regarding the denial of a decontamination shower.[1] Washington Decl. Ex. 2 at 6-12 (ECF No. 16) (Grievance No. OSP_2022_10_078); *Soto*, 882 F.3d at 875. The statute of limitations was tolled until January 13, 2023, when the grievance coordinator sent Plaintiff the response to his final grievance appeal. *Id.* Ex. 2 at 1. The limitations period ran for an additional 728 days until January 10,

---

[1] Although Plaintiff signed his grievance on October 13, 2022, the Ninth Circuit has declined to apply the mailbox rule to administrative deadlines when inconsistent with applicable prison regulations. *Nigro v. Sullivan*, 40 F.3d 990, 993-97 (9th Cir. 1994) (concluding that the mailbox rule did not apply to administrative appeals in federal correctional facilities); *see also* Or. Admin. R. 291-109-0205 (indicating that the timeliness of a grievance is based on the date of receipt by the grievance coordinator). Thus, the statute of limitations did not begin to toll until October 18, 2022, when Plaintiff's grievance was received by the grievance office.

Plaintiff submitted a previous grievance regarding the alleged denial of a decontamination shower, but Plaintiff did not exhaust this grievance and the statute of limitations was not tolled. Washington Decl. Ex. 1. Regardless, Plaintiff's initial grievance was received and rejected on October 11, 2022, and Plaintiff's claims remain time-barred even if the statute of limitations was tolled for that day.

- 3 -    OPINION AND ORDER

2025, when Plaintiff submitted his federal Complaint for mailing. In total, 745 days elapsed before Plaintiff filed his federal Complaint, which is 15 days beyond the limitations period.

Plaintiff presents no evidence or argument to support equitable tolling of the statute of limitations; instead, Plaintiff references the "continuing violation doctrine." Pl.'s Response to Mot. to Dismiss at 3-4. However, Plaintiff's claim arises solely from the pepper spray incident on October 1, 2022 and Plaintiff alleges no facts that would plausibly suggest a continuing violation of his rights. Accordingly, Plaintiff's claims are time-barred.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 10) is GRANTED, and this action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 25th day of September 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge
